U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 28 2016
CLERK, U.S. DISTRICT COURT
By ________
Deputy

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSE ANN JUAREZ,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **No. 3:16-CV-02460-M-BF** |
| **SETERUS, INC., et al.,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant Seterus, Inc.'s ("Seterus") Motion to Dismiss [ECF No. 5] and Defendant Barrett Daffin Frappier Turner & Engel, L.L.P.'s ("BDFTE") Motion to Dismiss [ECF No. 7]. Pursuant to 28 U.S.C. § 636(b), this case was referred to the United States Magistrate Judge for pretrial management. *See* New Case Notes [ECF No. 3]. For the following reasons, the Court recommends Plaintiff's case be dismissed for failure to prosecute.

**Background**

Rose Ann Juarez ("Plaintiff"), proceeding *pro se*, has failed to file responses to either Defendants' motions to dismiss as ordered by this Court. Seterus' motion was filed on September 1, 2016, and BDFTE's motion was filed on September 14, 2016. *See* Docket. The Local Civil Rules (the "Local Rules") allow a party 21 days to file a response to a motion. LOC. CIV. R. 7.1(e). Based on the Local Rules, Plaintiff's responses were due on or about September 22, 2016, and October 5, 2016, respectively. *See id.* These deadlines have passed without Plaintiff filing a response to either motion. *See* Docket.

On November 21, 2016, the Court gave Plaintiff another opportunity to respond by ordering her to file responses to both motions by November 28, 2016. Order 1 [ECF No. 10]. Plaintiff was also put on notice that if she failed to comply with the order, her failure could result in a recommendation that her case be dismissed for failure to prosecute. *Id.* [ECF No. 10]. Plaintiff

has still not filed any responses or correspondence with the Court. *See* Docket. Therefore, Plaintiff did not comply with the Court's order. *See* Order 1 [ECF No. 10].

**Involuntary Dismissal**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Accordingly, the undersigned recommends that the district court dismiss this action without prejudice for Plaintiff's failure to prosecute pursuant to Rule 41(b). FED. R. CIV. P. 41(b); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order.") (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). It does not appear that Plaintiff intends to proceed with her case and it therefore should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the Court.

**RECOMMENDATION**

Because Plaintiff has failed to follow the Local Rules and the Court's order, the undersigned respectfully recommends that Plaintiff's case be **DISMISSED without prejudice** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO RECOMMENDED,** this 28 day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).